IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN LEWIS,

    Plaintiff,

  v.                                                No. CIV 10-0514 BB/RLP

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,
RON TORRES,
LAW LIBRARY,
BOARD OF COUNTY COMMISSIONERS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been denied use of a law library and grievance procedures. Plaintiff contends that Defendants' actions have violated his right of access to the courts under the Fourteenth Amendment. He seeks damages and equitable relief.

Plaintiff's allegations do not support a claim for denial of access to the courts. First, the assertion of an "abstract, free-standing right to a law library," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), does not "establish relevant actual injury," *id*. And Plaintiff does not allege that officials have actively interfered with his attempts to prepare and file legal documents. *See id*. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' ") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). As these cases make clear, the Constitution does not ensure the access sought by Plaintiff, *see Lewis*, 518 U.S. at 351; *Bounds*, 430 U.S. at 828 n.17, and the Court will dismiss this claim.

Second, no relief is available on Plaintiff's allegation that Defendants failed and refused to comply with grievance procedures. Plaintiff asserts that, because he is required to exhaust available administrative remedies, Defendant's conduct blocked his access to the courts. This allegation does not implicate a liberty interest. *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000); *and see Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). If Plaintiff were raising underlying claims, he could assert in this Court that Defendants' conduct rendered administrative remedies ineffective or futile, *see Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) ("Congress clearly intended to require prisoners to exhaust only 'such administrative remedies as are available' "), and his claims would not be barred for failure to

exhaust administrative remedies, *see Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts . . . , that remedy [is] 'unavailable' "). Because Plaintiff's allegations do not state claims of constitutional violations under § 1983, the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE